IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GERALD THOMAS PONDER                                                                                         PLAINTIFF

v.                              Civil No. 1:13-cv-01088

JUDGE GEORGE VANHOOK;
UNION COUNTY SHERIFF'S DEPARTMENT;
EL DORADO POLICE DEPARTMENT;
CAPTAIN MITCHELL; DEPUTY BRIAN
BAKER; OFFICER TREY PHILLIPS; CAPTAIN
CHARLIE PHILLIPS; LIEUTENANT CATHY
PHILLIPS; LEE WARD; CARA GIBSON;
REGINALD WILBOUND; JOHN CASHION;
SHERIFF RICKY ROBERTS; WHITNEY FOSTER;
BRIAN WEST; LIEUTENANT S. FAULNER;
SERGEANT PENNITON; SHERIFF MIKE MCGOUGH;
NICOLE CONLEY aka NICOLE THURMAN; SCOTT
AMSPAUGH; ERICK LEE MEADOWS;
RICKY ROBERTS; and JOHN DOES (1-5)                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Gerald Ponder filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November 13, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

I.     BACKGROUND

At the time he filed his original Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas.  Plaintiff's address of record indicates he is no longer incarcerated.  On December 10, 2013, the Court determined it would benefit from an Amended Complaint and ordered Plaintiff to file one by January 6, 2014.  ECF No. 9.  On February 4, 2014, the Court granted Plaintiff an extension of time to file his Amended Complaint, and directed Plaintiff file his Amended Complaint by February 25, 2014.  ECF No. 12.  Plaintiff filed his Amended Complaint on February 21, 2014.  ECF No. 14.

In Plaintiff's Amended Complaint, he names as Defendants: the Union County Sheriff's Department; the El Dorado Police Department; Judge George Vanhook; Lee Ward and Cara Gibson from the Union County Prosecutors Office; Sheriff Mike McGough; Captain Mitchell, Deputy Brian Baker, John Cashion, Ricky Roberts, Whitney Foster, Brian West, Lt. S. Faulner, Sergeant Penniton, Nicole Conley (aka Nicole Thurman), Erick Meadows, and John Doe all from the Union County Sheriff's Department; and  Officer Trey Phillips, Captain Charlie Phillips, Lt. Cathy Phillips, Reginald Wilbound, Scott Amspaugh, and John Does (1-4) all from the El Dorado Police Department.  ECF No. 14, pp. 2, 4-5.

Plaintiff alleges in his Amended Complaint: (1) he was harassed for three hours on a traffic stop and locked up by the El Dorado Police Department ("EDPD") (ECF No. 14, p. 6); (2) "the" stole his truck and sold it (ECF No 14, p. 7); (3) he appealed Judge Vanhook's ruling within ten days and was denied a lawyer (ECF No. 14, p. 7); (4) he was arrested for two "bogus" orders of protection (ECF No. 14, p. 7); (5) he was arrested for public intoxication by the officer "that put the 1st bogus felony which cost me lots of money" (ECF No. 14, p. 7); (6) "2 different . . . orders

$500 difference" (ECF No. 14, p. 8); (7) told he couldn't work off fines and harassed (ECF No. 14, p. 8); (8) left for seven days in the Union County Detention Center ("UCDC") without medication after a heart attack and having blackouts and high blood pressure (ECF No. 14, pp. 8, 72-73); (9) a Union County Sheriff's Officer choked him during an arrest on July 3, 2012 (ECF No. 14, p. 10); (10) a EDPD officer swerved his vehicle to hit Plaintiff during Plaintiff's arrest on October 1, 2013 (ECF No. 14, p. 10); (11) four officers "jumped" him at hospital on another occasion (ECF No. 14, pp. 10, 73); (12) medicaid fraud (ECF No. 14, pp. 10, 73); (13) "bogus warrants" (ECF No. 14, p. 11); (14) a lady from district court gave him the wrong public service (ECF No. 14, p. 11); (15) Judge Vanhook confiscated Plaintiff's truck for fines and then sold the truck before Plaintiff's appeal was complete (ECF No. 14, pp. 16-17); (16) Captain Mitchell threatened Plaintiff (ECF No. 14, p. 24); (15) he was falsely arrest for four "bogus" felonies (ECF No. 14, p. 73); (17) the UCDC held him for one-hundred (100) days without filing charges (ECF No. 14, p. 73); (18) Judge Vanhook signed the execution order on Plaintiff's truck illegally, signed "bogus" felony warrants on Plaintiff, ordered the jail not to pay Plaintiff skilled wages, signed a warrant for old fines even though Plaintiff was paying and it was not time for review of the fines, placed bonds to high, and denied Plaintiff an attorney (ECF No. 14, pp. 73-74); (19) EDPD gave the judge "bogus" paperwork to sign for warrants and execution on truck and Union County Sheriff's Department ("UCSD") removed truck from Plaintiff's house, stored truck, and allowed the truck to be sold before appeal and without notice to Plaintiff (ECF No. 14, p. 74); (20) EDPD conducted a "bogus" arrest, allowed Mr. Wilbound to pack Plaintiff's things, and did not take a statement from Plaintiff regarding Mr. Wilbound's confrontation (ECF No. 14, pp. 74-75); (21) UCSD failed to take Plaintiff's statements or grievances on the confrontation with Mr. Wilbound,

allowed a crime to occur, and keep Plaintiff locked up (ECF No. 14, p. 75); (22) the UCDC is over crowded, has poor ventilation, has black mold, has no UV lights for tuberculosis inmates, and Plaintiff was exposed to tuberculosis while housed in the UCDC, and Plaintiff was not allowed to shave or have a hair cut while incarcerated at the UCDC (ECF No. 14, p. 101).

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff makes at least twenty-one (21) allegations in his Amended Complaint against twenty-two (22) Separate Defendants. Many of these allegations fail to state claims upon which relief may be granted, and many of the Separate Defendants are either immune from suit or ineligible for suit under section 1983.

### A. Immune and ineligible Defendants

All of Plaintiff's claims against the UCSD, EDPD, Judge George Vanhook, Lee Ward, and Cara Gibson must be dismissed as these Separate Defendants are either immune from suit or not eligible for suit under section 1983.

4

i.  UCSD and EDPD

Plaintiff names the UCSD and the EDPD as Defendants in this matter. Neither the UCSD or the EDPD are persons or legal entities subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Therefore, the UCSD and EDPD cannot be named as defendants in this matter.

ii.  Judge Vanhook

Judge Vanhook is immune from suit under section 1983. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction")

5

(internal citations omitted).  Plaintiff has failed to allege any action by Judge Vanhook that was nonjudicial or taken without jurisdiction.  Accordingly, Judge Vanhook is immune from suit here.

    iii. Prosecuting attorneys Lee Ward and Cara Gibson

 Prosecuting attorneys Lee Ward and Cara Gibson are also immune from suit.  In *Imbeler v. Pachtman,* the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  424 U.S. 409, 431 (1976).  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.  *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Plaintiff failed to allege any claim that Ward or Gibson acted outside of initiating a prosecution and presenting the State's case against him.

 To the extent the complaint seeks injunctive relief against Ward or Gibson, I find the claim is not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm.  *See Pulliam v. Allen,* 466 U.S. 522, 538 (1984).  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975).  Plaintiff has not alleged he exhausted his state remedies regarding his criminal conviction.  Therefore, Plaintiff has not stated a cognizable claim for injunctive relief against either Ward or Gibson under section 1983.

B. Challenges to conviction, sentence, and incarceration

Many of Plaintiff's claims relate to what he terms "bogus" warrants, charges, sentence, and incarcerations. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the UCDC fails to state a cognizable claim under section 1983.

Further, Plaintiff's claims only challenge his charges, convictions, sentences, and incarceration. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff did not make any allegations that his criminal convictions have been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's claims regarding the illegality of his charges, convictions, sentences, and incarceration are not cognizable claims under section 1983.

C. Official capacity claims

Plaintiff made both official and individual capacity claims against Separate Defendants in his Amended Complaint.

Under section 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). An official capacity claim against Defendants is essentially a claim against Hempstead County. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff did not allege any facts showing a policy or custom of Union County or El Dorado caused his constitutional rights to be violated. Additionally, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Union County and the city of El Dorado cannot be held liable based merely on the fact they employ Separate Defendants. Therefore, Plaintiff has failed to state a cognizable official capacity claim against any of the Separate Defendants.

D.  Medicaid fraud

Plaintiff alleges medicaid fraud which is not a cognizable claim under section 1983.

E.  Failure to investigate

Plaintiff also makes many allegations relating to his confrontation with a Mr. Wilbound and some crimes that Mr. Wilbound allegedly committed against Plaintiff. Plaintiff does not have a constitutional right to any investigation of a reported crime, much less an adequate investigation. *See Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (no due process right to have an excessive force claim against a sheriff's department investigated); *see also Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002) (a sheriff deputy's failure to further investigate a domestic violence complaint alleging the plaintiff's boyfriend threatened to kill her and their child did not violate the plaintiff's due process rights, even though, her boyfriend later killed their daughter). The Fourteenth Amendment Due Process Clause does not impose a duty upon the state to protect individuals from private illegal acts, but instead, "places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kalstrom v. City of Columbus,* 136 F.3d 1055, 1065-6 (6th Cir. 1998) (citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

Further, "[F]ederal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) (*citing* U.S. Const., art. II, § 3; *Morrison v. Olson*, 487 U.S. 654, 690 (1988)). *See also Hale v. Vance*, 267 F. Supp. 2d 725, 731 (S.D. Ohio 2003) (holding that neither the constitution nor any federal law imposes a duty on a police detective to investigate criminal activity). As Plaintiff does not have a constitutional right to an adequate police investigation, his claims relating to the confrontation with Mr. Wilbound are insufficient to state a cognizable claim under section 1983.

### IV. CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a), I recommend: (1) all of Plaintiff's claims against the Union County Sheriff's Department, El Dorado Police Department, Judge Vanhook, Lee Ward, and Cara Gibson; (2) all of Plaintiff's claims relating to his charges, convictions, sentences, and incarceration; (3) all of Plaintiff's official capacity claims; (4) Plaintiff's medicaid fraud claim; and (5) all of Plaintiff's claims of failure to investigate regarding the altercation with Mr. Wilbound be **DISMISSED**, and the Union County Sheriff's Department, El Dorado Police Department, Judge Vanhook, Lee Ward, and Cara Gibson be **DISMISSED** from this action. This leaves for later resolution Plaintiffs claims that: (1) he was harassed for three hours on a traffic stop; (2) his truck was illegally seized and sold; (3) he was denied medical care and medication; (4) excessive force was used against him during his arrests on July 3, 2012 and on October 1, 2013 and on another occasion at the hospital; (5) Captain Mitchell threatened him; (6) the conditions of his confinement (over-crowded, poor ventilation, black mold, no UV lights for tuberculosis, exposed to tuberculosis, denied shave and hair cut) at the UCDC violated his constitutional rights; and (7) he was denied an attorney. The Court notes that it is difficult to ascertain from Plaintiff's Amended Complaint which of the remaining Defendants Plaintiff alleges caused each of the remaining claims. Therefore, prior to service, the Court will provide Plaintiff with a Court prepared Addendum to clarify these issues.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

       **DATED this 25th day of April 2014.**

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED  STATES  MAGISTRATE  JUDGE